**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DONALD JOSEPH BELL, #06012053,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-0463-B** |
| | ) | **ECF** |
| **The 282nd District Court,** | ) | |
| **Dallas County, Texas,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for habeas corpus relief brought by a pre-trial detainee.[1]

Parties: At the time of filing this action, Petitioner was incarcerated at the Dallas County Jail. He is presently confined at the Kerrville State Hospital in Kerrville, Texas. Respondent is the 282nd Judicial District Court of Dallas County, Texas.[2] The Court did not issue process in

---

[1] The petition in this case is styled as a "Fast and Speedy Trial Lawsuit," and does not refer to the general habeas statute, 28 U.S.C. §§ 2241, *et seq.* (Petition (Pet.) at 1). As more fully set out below, this Court will construe the pleadings in this case as seeking relief pursuant to 28 U.S.C. § 2241(c).

[2] The petition named Dallas County and its Criminal District Attorney as Respondents. In opening the case, the Clerk's Office replaced the named Respondents with the TDCJ-ID Director. By order dated August 14, 2002, the Magistrate Judge added Jim Bowles, Sheriff of Dallas County, as a Respondent.

this case pending preliminary screening. On April 10, 2006, the Court issued a questionnaire to Petitioner, who filed his answers on May 3, 2006.

Statement of Case: Petitioner alleges that his rights to a "a fast and speedy trial" have been violated in connection with indictment number F05-74395-S, presently pending in the 282nd District Court of Dallas County, Texas. According to Petitioner, he has been incarcerated on the above indictment, which charges him with aggravated assault with a deadly weapon (Answer to Question 1), since his arrest on December 17, 2003 (Petition (Pet.) at 1). He confirms that the trial court has not scheduled a trial in his case, and that he was recently found incompetent to stand trial, which has adversely impacted his right to a speedy trial. (Answer to Questions 2 and 3).

Prior to filing this federal action, Petitioner filed two *pro se* motions/requests in Dallas County seeking a speedy trial. (Answer to Question 4). As of the date of filing of the answers to the questionnaire, Petitioner had not received a response from the trial court on either of the above motions/requests. (Id.).

Shortly after filing of this case, Petitioner filed a motion for "Injunction Against the F05-74395-S Indictment and [Seeking] its Dismissal."

Findings and Conclusions: Pre-trial petitions for writ of habeas corpus are cognizable under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." Dickerson v. State of Louisiana, 816 F.2d 220, 224 (5th Cir. 1987); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). Therefore, Petitioner's request for speedy trial relief with respect to Cause No. F05-74395-S should be construed as a claim for pre-

2

trial habeas relief pursuant to 28 U.S.C. § 2241(c).[3]

Pre-trial habeas relief is available only to enforce a state's obligation to bring a defendant promptly to trial, not to adjudicate the merits of a speedy trial claim under the Sixth Amendment and bar the state from proceeding to trial.  Dickerson, 816 F.2d at 224.  In order to be eligible for pre-trial habeas relief pursuant to 28 U.S.C. § 2241, a petitioner must be "in custody" and must have exhausted his available state remedies.  Braden, 410 U.S. at 488-89; Dickerson, 816 F.2d at 224.[4]

Petitioner satisfies the "in custody" requirement.  At the time of filing this action, he was incarcerated at the Dallas County Jail on the aggravated assault charge at issue in No. F05-74395-S.  He is presently confined at the Kerrville State Hospital because the trial court recently found him incompetent to stand trial in No. F05-74395-S.

The record reveals, however, that Petitioner has not fully exhausted his available state remedies on his speedy trial claim.[5]  The proper procedure for seeking pre-trial relief on speedy

---

[3]      Section 2241(c) provides in relevant part that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . (3) [h]e is in custody in violation of the constitution or laws or treaties of the United States."

[4]      It is only in the post-trial setting that exhaustion is mandated by statute.  Compare 28 U.S.C. § 2254(b) with 28 U.S.C. § 2241(c)(3).  Despite the absence of an exhaustion requirement in § 2241(c)(3), a body of case law has developed holding that federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.  See Dickerson, 816 F.2d at 225.  See also Braden, 410 U.S. at 489-92; Brown v. Estelle, 530 F.2d 1280, 1284 (5th Cir. 1976).  This exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process.  See Dickerson, 816 F.3d at 225; Braden, 410 U.S. at 490-91.

[5]      The right to a speedy trial is guaranteed by the Sixth Amendment as applied to the states by the Fourteenth Amendment. Smith v. Hooey, 393 U.S. 374, 374-75 (1969) (reversing denial of mandamus relief and holding that State of Texas had a constitutional duty, upon request of federal prisoner that he be brought to trial on state charge, to make a diligent, good-faith effort to bring him before state court for trial).  See also Klopfer v. North Carolina, 386 U.S. 213, 222-223 (1967).

3

trial grounds is to file a petition for writ of mandamus in the Texas Court of Criminal Appeals. See Chapman v. Evans, 744 S.W.2d 133, 135-138 (Tex. Crim. App. 1988) (conditionally granting mandamus petition seeking to compel district court to set for trial or dismiss pending indictment for offense unrelated to that for which petitioner was presently incarcerated); Thomas v. Stevenson, 561 S.W.2d 845, 846-47 (Tex. Crim. App. 1978) (conditionally granting mandamus petition seeking to compel district court to set case for trial).[6]

While Petitioner concedes filing at least two speedy trial motions, he has not pursued a petition for writ of mandamus in the Court of Criminal Appeals.  (Answer to Question 4).  See Brown v. Estelle, 530 F.2d 1280, 1284 (5th Cir. 1976) (requiring exhaustion by petition for writ of mandamus, but applying law in effect prior to 1977 amendment to Article V, Section 5 of the Texas Constitution).

Texas has adequate and effective state procedures for obtaining a speedy trial and in the absence of proof that the highest state court with criminal law jurisdiction has been given a fair opportunity to consider petitioner's speedy trial claim, the due administration of justice would be better served by insisting on exhaustion of his state court remedies.  As such Petitioner's speedy trial claim should be dismissed for failure to exhaust state remedies.

---

[6]      Prior to the 1977 amendment of Article V, Section 5 of the Texas Constitution, the Supreme Court of Texas exclusively issued writs of mandamus to compel speedy trials.  See Thomas, 561 S.W.2d 845, 846 (Tex. Crim. App. 1978) (cited cases omitted).  Effective January 1, 1978, the Texas Court of Criminal Appeals acquired the additional jurisdiction to issue writs of mandamus in cases "regarding criminal matters."  Id.; see also Hill v. Pirtle, 887 S.W.2d 921, 926 (Tex. Crim. App. 1994); Lanford v. Fourteenth Court of Appeals, 847 S.W.2d 581, 584-585 (Tex. Crim. App. 1993); Smith v. Flack, 728 S.W.2d 784, 788-789 (Tex. Crim. App. 1987).

RECOMMENDATION

For the foregoing reasons, the Court recommends that the petition for writ of habeas corpus be dismissed without prejudice for failure to exhaust state court remedies on Petitioner's claim for speedy-trial relief.

It is further recommended that Petitioner's motion for injunction filed on March 24, 2006, be denied.

A copy of this recommendation will be mailed to Petitioner.

Signed this 14th day of June, 2006.


_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE




NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.